IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:12-cr-1 (WLS) |
| | : | |
| ELBERT WALKER, JR., DARRYL BURK, and SHIRLEY DENISE BURK, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

    The Defendants in the above-captioned case are indicted on charges of conspiracy to commit arson and bank, mail, wire and bankruptcy fraud. (Doc. 44 at 3.) Before the Court is Defendant Darryl Burk's Motion to Sever (Doc. 129). On August 28, 2014, the Court ordered Defendant to submit under seal affidavits and other submissions in support of his Motion (Doc. 134). On September 4, 2014, Defendant filed an affidavit by his attorney, Christopher Cohilas, in support of his Motion (Doc. 135).

**DISCUSSION**

    A court may sever a defendant if he or she is prejudiced by the joinder. Fed. R. Crim. P. 14(a). But the "general rule is that Defendants indicted together should be tried together, especially in conspiracy cases." *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009) (citations omitted). "In deciding a severance motion, a district court must balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005). A defendant must demonstrate that a joint trial will result in "specific and compelling prejudice" to his defense, resulting in "fundamental unfairness." *Id.* (quoting *United States v. Knowles*, 66 F.3d 1146, 1159 (11th Cir. 1995)). Darryl Burk moves for severance based on inconsistent and mutually exclusive defenses and a "disparity in the evidence" that could cause a spill-over effect to the detriment of Darryl Burk. Neither ground is availing.

First, the "mere fact that there may be an 'enormous disparity in the evidence admissible against [a defendant] compared to other defendants' is not sufficient" to show compelling prejudice. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). And "a district court's cautionary instructions, which admonish the jury to consider separately each defendant's guilt, obviate the probability of a spillover effect." *United States v. Smith*, 918 F.2d 1551, 1560 (11th Cir. 1990) (citing *United States v. Johnson*, 713 F.2d 633, 640 (11th Cir. 1983)).

In his Motion, Defendant asserts that the amount of evidence against him is "dramatically disparate" from the amount of evidence against his co-defendants. (Doc. 129 at 3.) Under *Schlei*, this assertion alone is not sufficient to demonstrate compelling prejudice. Defendant also asserts that merely being seated at the same Defendants' table as Defendant Elbert Walker will prejudice him because of Defendant Walker's erratic behavior throughout the litigation. (*Id.* at 5.) The Court finds, however, that Defendant Burk has not shown that any spill-over effect or implication of guilt by association with Defendant Walker cannot be cured by standard cautionary jury instructions.

Further, a defendant may move for severance because of "mutually antagonistic" or "irreconcilable" defenses if he is exposed to "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or [would] prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). To meet that burden, a defendant must do more than make conclusory allegations. *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993).

With the Court's leave to supplement his Motion under seal, Defendant Burk, through the affidavit of his attorney, provided the Court with his intended defense strategy, which he believes is mutually exclusive and antagonistic to his co-defendants' possible defenses. (Docs. 129 at 4, 135 at 3-4.) However, the Court is unpersuaded that the intended defense strategy described by Defendant Burk's attorney (*Id.*) is mutually antagonistic or irreconcilable with the other defendants' possible defenses. Further, neither the Motion nor the affidavit presents any facts indicating that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment. (*See* Docs. 129, 135.)

## CONCLUSION

The Court finds that Defendant has not established that a joint trial would result in specific and compelling prejudice or fundamental unfairness to either himself or his co-defendants. The Court furthers finds that the public's interest in efficiency and judicial economy weighs in favor of holding one trial for the three Defendants indicted in this case. For the foregoing reasons, Defendant Darryl Burk's Motion to Sever (Doc. 129) is **DENIED**.

**SO ORDERED**, this 9th day of September, 2014.

>               /s/ W. Louis Sands
>               **W. LOUIS SANDS, JUDGE**
>               **UNITED STATES DISTRICT COURT**