IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:12-cr-1 (WLS) |
| | : | |
| DARRYL BURK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Defendant Darryl Burk was found guilty by a jury of one count of conspiracy to commit mail fraud. Burk was sentenced to twenty-seven months' imprisonment on June 1, 2016. On June 28, 2016, Burk filed a Motion for Release Pending Appeal. (Doc. 327.) The Government filed a response on June 30, 2016 (Doc. 332), and Burk filed a reply on July 7, 2016 (Doc. 335). The United States Probation Office has informed the Court that Burk has been noticed to self-surrender to the custody of the Bureau of Prisons on July 20, 2016. The Court finds that the Motion is now ripe for review.

**I.      Standard for Release Pending Appeal**

Under 18 U.S.C. § 3143(b)(1), a defendant must be released pending appeal if the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>> (i) reversal,
>> (ii) an order for a new trial,
>> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The convicted defendant bears the burden of establishing that he or she should be released pending appeal. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

The Court first addresses the second of two required findings for release pending appeal, listed at § 3143(b)(1)(B). A convicted defendant must establish by clear and convincing evidence that his appeal will raise a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence to a term of imprisonment less than the total amount of the time already served plus the expected duration of the appeal process.

In the 18 U.S.C. § 3143(b) context, the Eleventh Circuit defines a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). Whether a question is a substantial one is a determination that must be made on a case-by-case basis. *Id.*

**II.  Discussion**

Here, Darryl Burk argues that his appeal raises substantial issues of law and fact likely to result in reversal or a new trial. The Court notes that as of the date of this Order, Burk has served no time because he has been allowed to remain on bond and is not required to self-surrender until July 20, 2016. Burk has not asserted that the appeal proceed is expected to last longer than Burks' twenty-seven month sentence. The Court also notes that Burk has not argued that his appeal is likely to result in a sentence that does not include a term of imprisonment. Thus, Burk has not attempted to and cannot establish that either § 3143(b)(1)(B)(iii) or (iv) apply. Thus, the Court focuses, as Burk does, on whether Burk's appeal is likely to result in reversal or an order for a new trial.

Burk argues that the issues raised in his motion for judgment of acquittal and motion for mistrial are likely to result in reversal or a new trial and that the questions of law and fact raised therein are substantial. (Doc. 327-1 at 6.) The Court's March 24, 2016 Order addressed the issues raised in Burk's motion for judgment of acquittal, laying out a clear factual record and citing pertinent case law. (*See* Doc. 293.) Burk's arguments regarding sufficiency of the evidence were insufficient to overturn the jury's verdict under Rule 29 and are now insufficient to create a "substantial question" on appeal. *See United States v. Fernandez*, No. 87-0217, 1988 WL 34941 at *2 (S.D. Fla. Apr. 13, 1988) ("Ordinarily, the sufficiency of the evidence as distinguished from a total lack of evidence does not in itself establish a

2

substantial question: if that were the standard, every case raising this common ground would entitle the defendant to bond pending appeal.").

As to Burk's motion for a mistrial, which was made orally after Government witness Stan Buress testified that Darryl Burk refused to take a polygraph test, the Court also finds that Burk's appeal does not raise a substantial question of law or fact likely to result in reversal or a new trial. Polygraph evidence is inadmissible. *United States v. Russo*, 796 F.2d 1443, 1453 (11th Cir. 1986). "The general rule is that evidence withdrawn from the jury with directions to disregard may not constitute reversible error unless it is so prejudicial as to be incurable." *Holman*, 680 F.2d at 1352. But where a witness makes reference to a polygraph test or a defendant's willingness to take a polygraph test, the Eleventh Circuit has held repeatedly that a curative instruction can prevent a mistrial. *United States v. Crawford*, 133 F. App'x 612, 618 (11th Cir. 2005); *Russo*, 796 F.2d at 1453; *United States v. Holman*, 680 F.2d 1340, 1352 (11th Cir. 1982); *United States v. Martino*, 648 F.2d 367, 390 (5th Cir. 1981), *cert. denied*, 456 U.S. 943 (1982).[1]

Here, the Court gave the jury a curative instruction to disregard Buress' testimony regarding the polygraph test and that no such evidence was before the jury. Burk has pointed to no circumstances distinguishing Agent Buress's testimony regarding Burk's willingness to take a polygraph test from the other cases where the Eleventh Circuit held that a curative instruction overcame any prejudice resulting from testimony about a polygraph test. Here, Agent Buress' quick mention of Burk's refusal to take a polygraph test occurred in the context of a trial that lasted over four weeks and included fifty-nine Government witnesses and hundreds of exhibits. The Court outlined the large amount of evidence of Burk's involvement in the conspiracy in its Order on the motions for judgment of acquittal. (Doc. 293.) The Court finds that, in light of Eleventh Circuit precedent and the overwhelming amount of other evidence the jury considered, the Court's denial of Burk's motion for a new trial is not a "close question" and does not present a substantial question of law or fact on appeal.

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

### III. Conclusion

Because the Court finds that Burk has not established that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a term of imprisonment less than the amount of time served plus the expected duration of the appeal process, the Court need not consider whether Burk is likely to flee or poses a danger to the safety of any other person or the community if released because Burk cannot meet both of § 3143(b)(1)'s requirements. For those reasons, Defendant Darryl Burk's Motion for Release Pending Appeal (Doc. 327) is **DENIED**.

**SO ORDERED**, this 11th day of July, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**